# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Robert Wilkins,<br><br>  Petitioner<br><br>v.<br><br>Steve Wolfson, *et al.*,<br><br>  Respondents | Case No.: 2:24-cv-00792-APG-BNW<br><br>**Order Dismissing Case<br>without Prejudice**<br><br>[ECF No. 1] |

Petitioner Robert Wilkins initiated this case as a *pro se* pretrial detainee by submitting a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1-1). Wilkins was a pretrial detainee held in Idaho and the matter was transferred to this district court. ECF No. 8. Wilkins, however, did not pay the five-dollar ($5.00) habeas filing fee or file an application to proceed *in forma pauperis* (IFP) for incarcerated litigants. See 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2. I ordered Wilkins to either pay the $5 filing fee or submit a complete IFP application with all required attachments no later than June 28, 2024. ECF No. 12.

I warned Wilkins that a failure to comply by (a) submitting a complete IFP application, or (b) paying the filing fee would result in the dismissal of this action without prejudice and without further advance notice. *Id.* Although Wilkins filed a motion to extend time to file an amended petition, he did not file an IFP application or pay the filing fee. ECF No. 11. To date, Wilkins has not paid the $5 filing fee, requested a relevant extension of time, or taken any other action to prosecute this case. In addition, it appears that a judgment of conviction has been entered in April 2024 in Wilkins's state criminal case pursuant to a guilty plea and Wilkins is likely no longer in custody as a pretrial detainee.

## I. Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic

2

alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this court cannot operate without collecting reasonable fees, and litigation cannot progress without Wilkins's compliance with court orders, the only alternative is to enter a second order setting another deadline. But the reality of repeating an order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II. Conclusion

I THEREFORE ORDER:

1. Petitioner Robert Wilkins's Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED WITHOUT PREJUDICE based his on failure to comply with the court's order (ECF No. 11) or the Local Rules of Practice.

2. Wilkins's motion to extend time to file an amended petition (ECF No. 12) is denied as moot.

3. Wilkins is denied a certificate of appealability, as jurists of reason would not find dismissal of the petition for the reasons stated herein to be debatable or wrong.

4. The Clerk of Court is instructed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents. No response is required from Respondents other than to respond to any orders of a reviewing court.

5. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will direct informal electronic service upon Respondents and provide to Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

6. The Clerk of Court is instructed to enter final judgment accordingly and close this case.

DATED this 3rd day of October, 2024.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE